IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

DAYMOND A. WOLFE,

      Plaintiff,

V.                                      CIVIL ACTION NO. 3:06-0475

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

**<u>MEMORANDUM ORDER</u>**

In this action, filed under the provisions of 42 U.S.C. §405(g), plaintiff seeks review of the final decision of the Commissioner of Social Security which found him entitled to a closed period of disability from May 17, 1999 through March 31, 2001, based on his application for disability insurance benefits.  The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed his application on February 14, 2002, alleging disability commencing May 17, 1999, as a consequence of residuals from an injury to his right leg and a learning disability. He was found entitled to a closed period of disability from May 17, 1999 through March 31, 2001. Disagreeing with this determination, plaintiff requested a hearing before an administrative law judge who also determined his disability lasted only from May 17, 1999 through March 31, 2001. This decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's

request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was thirty-two years of age and had obtained a high school education. His past relevant employment experience consisted of work as a deck hand on a river boat. In his decision, the administrative law judge found that plaintiff suffered from "right leg and ankle injury and learning disability," impairments which he considered severe. Though concluding that, subsequent to March 31, 2001, plaintiff was unable to perform his past work,[1] the administrative law judge determined that he had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rule 202.21 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found that, subsequent to March 31, 2001, plaintiff was not disabled.

From a review of the record, it is apparent that substantial evidence supports the Commissioner's decision. At the outset, it is observed that plaintiff, who was not represented at the hearing, is arguing that he did not receive a full and fair hearing because he was unable to make an informed waiver of his right to representation and because the administrative law judge did not fully develop the record. "Claimants in disability cases are entitled to a full and fair hearing of their claims . . . and the failure to have such a hearing may constitute good cause sufficient to remand to the [Commissioner] . . . for the taking of additional evidence." Sims v. Harris, 631 F.2d 26, 27 (4th Cir. 1980). The Commissioner, however, "has no duty to insist that [a] claimant have counsel," Marsh

---

[1]This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2]20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

v. Harris, 632 F.2d 296, 299 (4th Cir. 1980), and it is only when "the absence of counsel created clear prejudice or unfairness to the claimant" that remand is required. Sims v. Harris, supra at 28. The administrative law judge also has a duty to "explore all relevant facts and inquire into the issues necessary for adequate development of the record," Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986), and when, as here, a claimant appears pro se "[t]he performance of this duty is particularly important," requiring the administrative law judge to "'scrupulously and conscientiously probe into, inquire of, and explore for all of the relevant facts' . . . being 'especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.'" Marsh v. Harris, supra at 299 (citations omitted).

Plaintiff admits he was advised of his right to have counsel but claims the administrative law judge made "only a superficial reference" to this issue. Review of the hearing transcript reveals otherwise, however. The administrative law judge told plaintiff he had a right to representation and discussed how attorneys take cases on a contingency fee basis. He also explained that an attorney could more easily get records, remember to make arguments as to what the evidence shows and bring out all the facts or issues that plaintiff had previously discussed concerning his case. The administrative law judge emphasized he wanted plaintiff to feel he had an adequate opportunity to present his claim and informed him that it was no problem to reschedule the hearing. After hearing this information, plaintiff elected to proceed without counsel and specifically told the administrative law judge he understood his right to have representation.[3] The administrative law judge also clearly explained the hearing process to plaintiff and invited him to "please" ask that a question be clarified

[3]As the Commissioner points out in his brief, plaintiff was also advised by the state agency of his right to representation when he filed for reconsideration and when he filed his request for hearing.

3

or repeated if necessary and gave him an opportunity to ask the vocational expert questions or bring up any issues which he felt had not been adequately covered.

Considering these facts, there is no indication, either from the hearing transcript or from plaintiff's brief, that waiver of his right to representation was anything but knowing and fully informed. While he has been diagnosed with a learning disability and borderline intellectual functioning and attended special education classes from 3rd through 12th grade, there is no indication he did not understand the administrative law judge's simple explanation. The record reflects his past work was semi-skilled in nature, and it is apparent he had no problems understanding or responding to the questions asked during the hearing. In fact, he told the administrative law judge that his most recent hospitalization records were not among the exhibits for review. The Court can only conclude that plaintiff made an informed decision about proceeding without counsel, and his argument to the contrary is not persuasive.

Plaintiff also argues the administrative law judge failed to fully develop his claim. While he alleges the administrative law judge did not make "an earnest effort to explore and fully develop areas of inquiry of great importance" to his case, he fails to specify what those areas are, other than asserting that counsel would have, and that the administrative law judge should have, developed the evidence to establish that he meets the criteria of Listing 12.05. The relevant portion of this listing provides that a claimant will be entitled to benefits if he has a valid I.Q. score (either verbal, performance or full scale) of 60 through 70 and a physical or other mental impairment which also imposes "an additional and significant work-related limitation of function."[4]

---

[4]20 C.F.R. Part 404, Subpart P, Appendix 1, Section 12.05C.

4

I.Q. testing performed in 1987, when plaintiff was age fifteen, resulted in a verbal score of 73, performance score of 90 and a full scale score of 80. His grades in middle and high school were primarily A's and B's, contrary to his reports to Catherine V. Sayre, M.A. and Rhonda Milam, M.A., who evaluated him for the Commissioner on July 9, 2002. He reported that he was in special education or "DH" classes from third grade on and received primarily C's. He admitted, however, he could read and write, had obtained his drivers license via written exam, and had graduated from high school. WAIS-3 scores were verbal 68, performance 77, and full scale 70. While these examiners concluded that the I.Q. scores were valid, they did not have the benefit of seeing the earlier scores. There is also no evidence in the record that establishes that plaintiff's intellectual functioning would have declined between 1987 and 2002. Despite these scores, the examiners nonetheless diagnosed only borderline intellectual functioning, not mild mental retardation.

To satisfy the requirements of a listing under Section 12.05, the evidence must show "significantly subaverage general intellectual functioning . . . initially manifested during the developmental period." More specifically, the evidence must demonstrate or support "onset of the impairment before age 22." In this case, even though no argument was made at hearing, the administrative law judge considered this issue in his decision and pointed out that the I.Q. scores from the "developmental period" do not meet the requirements of Section 12.05C as they are all higher than 70. Because of this, and taking account of other factors, including plaintiff's graduation from high school and ability to perform semi-skilled work, the administrative law judge questioned the validity of the I.Q. scores obtained in July 2002 and resolved this conflict by finding plaintiff did not meet the requirements of Section 12.05C. He did, however, add limitations to his residual functional capacity findings to account for plaintiff's "decreased cognitive ability" by finding him

5

limited to simple, routine work without significant public contact or high stress levels. He also took plaintiff's academic abilities into account by finding he could not perform tasks requiring more than third grade reading or spelling abilities or higher than high school math ability. "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence," Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990), and the administrative law judge's findings of fact and resolution of conflicts in this instance are clearly rational and supported by the evidence.

Aside from this issue, plaintiff has not pointed to any other areas where further development was required. A review of the hearing transcript reveals the administrative law judge questioned plaintiff fully about his impairments, functional abilities, treatment, daily activities and other areas of significance and offered him the opportunity to add anything he felt was missing. As noted, plaintiff did point out that reports from a more recent hospitalization were missing from the record, and the administrative law judge asked his hearing assistant to request additional evidence from Pleasant Valley Hospital, Dr. Ayers, plaintiff's treating physician, and from Holzer Clinic where plaintiff indicated he had received treatment. The Court cannot conceive of what else the administrative law judge could have done to make a more complete record and thus finds plaintiff's argument in this regard without merit.

While plaintiff also claims the administrative law judge did not consider his impairments in combination, he cites to nothing specific, and the record reveals that the administrative law judge considered all of plaintiff's impairments, both those he considered "severe" and those he considered "non-severe" in formulating his residual functional capacity and questioning the vocational expert. Again, this argument is without merit.

6

Similarly, the administrative law judge's analysis of plaintiff's credibility and explanation for finding that his testimony was not fully credible are thorough and take into account objective evidence that the right lower extremity fractures have healed without displacement; activities in which plaintiff engages, including deer hunting from a seated position and using a riding mower to cut grass; inconsistent statements about past grades; and a past history of alcohol use and current drinking of a six pack every two to three days. In view of the evidence, and giving consideration to the administrative law judge's "opportunity to observe the demeanor and to determine the credibility of the claimant," these findings are entitled to "great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The record clearly reflects that the significant fractures in his right lower extremity suffered on May 17, 1999, though requiring prolonged and extensive treatment, were well enough healed by March 31, 2001 that plaintiff could perform a range of light level work with limitations which accounted for the residual problems, primarily with walking, standing and postural activities, which he experiences due to this injury. Thus, the administrative law judge's decision is clearly supported by substantial evidence.

Subsequent to filing his motion for judgment on the pleadings and brief and the receipt of the Commissioner's motion and brief, plaintiff filed a "Supplemental Brief" solely for the purpose of submitting new evidence which he alleges should result in reversal or remand. The evidence consists of a September 19, 2007 statement from Dr. Ayers on a prescription pad reflecting that plaintiff is "unemployable" secondary to right lower extremity trauma. Also included is a January 28, 2008 letter from plaintiff's counsel containing questions to and answers from Dr. Ayers about plaintiff's right lower extremity symptoms and limitations. The third exhibit is a letter dated October 23, 2006 to plaintiff's counsel from Dr. Paul W. Craig in which he relates he examined

plaintiff for a "Social Security Residual Capacity Evaluation." He sets forth his findings as to plaintiff's impairments, including opinions about his I.Q., and concludes he is disabled. Attached to the letter is a "Medical Assessment of Ability to do Work-related Activities (Physical)" also completed by Dr. Craig on October 23, 2006 and reflecting a degree of restriction which would prevent work for eight hours a day.

Remand on the basis of newly discovered evidence is appropriate if: (1) the evidence is relevant and not cumulative; (2) the Commissioner's decision "might reasonably have been different" had that evidence been presented; (3) good cause for failure to submit the evidence before the Commissioner is established; and (4) plaintiff offers "at least a general showing of the nature" of the newly discovered evidence. Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985).

The Commissioner argues the new evidence does not support reversal or remand because it is neither relevant to the determination of disability at the time the application was filed nor "material" because it would not have caused a change in the Commissioner's decision had it been reviewed.

The Court agrees with the Commissioner. The reports, completed in 2006, 2007 and 2008, all dealing with plaintiff's right lower extremity, in no way indicate they are retrospective in nature and clearly do not apply to plaintiff's condition from April 1, 2001 through February 9, 2004, the date of the administrative law judge's decision. The new evidence does not, therefore, meet the relevance requirement. Neither is it material because the reports are conclusory and unaccompanied by medical evidence showing a worsening of plaintiff's condition. Further, Dr. Craig is not a treating physician, and his conclusions about plaintiff's inability to work are based in significant part on the lowest of the I.Q. scores obtained at the July 2002 evaluation. There is no indication he is a specialist

8

in psychology or vocational placement to support his opinion that the 68 I.Q. would preclude all but physical type work which would be eliminated by plaintiff's ankle/foot limitations. These factors combined with the time frame in which this evidence was generated would have made it all unpersuasive to the Commissioner. Since the new evidence proffered by plaintiff does not meet the requirements of <u>Borders</u> v. <u>Heckler</u>, <u>supra</u>, plaintiff's request for remand must be denied.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.


ENTER:        April 29, 2009


MAURICE  G.  TAYLOR,  JR.
UNITED  STATES  MAGISTRATE  JUDGE

9